RETURN STRONG v. JAMES M. KENNEDY.

*Payment.*

A debtor delivered a horse to his creditor to sell it and apply the proceeds in payment of the debt. The creditor exchanged the horse for other property, and the amount to be applied was disputed. *Held* that notwithstanding the dispute the transaction amounted to a payment, instead of a mere basis of set-off against plaintiff's claim.

Error to Kent. Submitted Jan. 10. Decided Jan. 31.

ASSUMPSIT. Defendant brings error.

*A. D. Griswold* for plaintiff in error. A demand is not liquidated by calculation, and cannot be a set-off when its amount depends on testimony, *Smith v. Warner,* 14 Mich., 152: 16 Mich., 390; *Mitchell v. Shuert,* 16 Mich., 444. If the holder of a note secured by chattel mortgage appropriates the mortgaged property, it is a payment to the extent of the value of the property, *Davis v. Rider,* 5 Mich., 423; *Place v. Grant,* 9 Mich., 42; *Mandigo v. Mandigo,* 26 Mich., 349; *Stoddard v. Denison,* 38 How. Pr., 296; *Case v. Boughton,* 11 Wend., 107; *Palmer v. Richardson,* 3 Thomp. & C., 436; *Charter v. Stephens,* 3 Den., 33; *Ashworth v. Dark,* 20 Tex., 825; *Conkling v. Shelley,* 28 N. Y., 360; *Bird v. Davis,* 1 McCart. (N. J.), 468; Thomas on Mortgages, 449, 450. Costs go to the defendant on recovery of less than $100, where the amount was not reduced by set-off, *Ladd v. Duncan,* 23 Mich., 285; *Carter v. Snyder,* 27 Mich., 484.

*Frank G. Holmes* for defendant in error, cited *Wheeler v. Harrison,* 28 Mich., 264.

CAMPBELL, C. J. Kennedy sued Strong on two promissory notes and recovered judgment for $54.12. The circuit court for Kent county where the case was tried

held that the judgment had been reduced by set-off from the sum of $182.12, and therefore gave costs to plaintiff below.

The facts are all found, and among other things it is found that a mare which had been mortgaged to secure one of the notes had been delivered to the plaintiff below to be sold and the proceeds applied in payment. Instead of selling her for cash he exchanged her for other property, and the parties disagreed as to how much should be applied. This disagreement was held by the circuit judge to prevent its operation as payment and convert it into a counter claim or set-off. The amount which the judge finds as the value of the mare to be so applied is $100.

The agreement to apply the proceeds of the mare in payment could not be destroyed by the subsequent disagreement as to the amount. Plaintiff below, as soon as he received the value of the mare, received payment to the extent of that value, and a dispute as to its amount would not change its character as a payment any more than if it had been a money payment from which the creditor claimed deductions for expenses. It is the fact, and not the question whether it is disputed or not, which determines payment.

As this payment reduced the original claim below $100 it gave a right to defendant below to costs. So much of the judgment below as gives costs must be reversed, and plaintiff in error must have judgment for costs of both courts.

The other Justices concurred.